IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ERIC GANT, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO: |
| | § | 3:05-CV-0938-P |
| JIM NICHOLSON, SECRETARY, | § | |
| DEPARTMENT OF VETERANS | § | |
| AFFAIRS, AND UNITED STATES, | § | |
| | § | |
| Defendants. | § | |
| | § | |

**MEMORANDUM OPINION AND ORDER**

Now before the Court is Defendants' Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6), filed August 8, 2005. Plaintiff, proceeding *pro se*, responded on August 16, 2005, and at that time moved the Court for judgment as a matter of law. Having considered the Motions, the parties' briefing, and the applicable law, the Court hereby GRANTS Defendants' Motion to Dismiss and DENIES Plaintiff's Motion for Judgment as a Matter of Law.

**I. Background and Procedural History**

This dispute arises out of a denial of benefits by the Department of Veterans Affairs (hereinafter "VA"). Plaintiff alleges that on January 21, 2001, two physicians employed by the VA erroneously diagnosed him as schizophrenic and paranoid. (Compl. ¶¶ 2, 4.) Believing that he was mis-diagnosed, Plaintiff sued the doctors, the VA, and others in federal court, arguing that their actions violated his right to procedural due process by causing "irreparable harm to

[his] reputation, honor, dignity and integrity." *Gant v. Principi*, No. 3-03-CV-1209-BD, 2004 U.S. Dist. LEXIS 25852, at *2–3, 6 (N.D. Tex. Dec. 27, 2004) (Kaplan, Mag. J.). On December 27, 2004, Magistrate Judge Kaplan granted summary judgment in favor of the federal defendants and dismissed Plaintiff's claims with prejudice. *Id.* at *14–15. Judge Kaplan's decision is on appeal to the Fifth Circuit. (Compl. ¶ 6.)

In April of 2005, the VA terminated monthly payments to Plaintiff's bank account, which he had received since May 1, 2003. (*Id.* ¶ 8.) Plaintiff then filed a Complaint in this Court, alleging that the VA terminated his benefits in retaliation for his appeal of Magistrate Judge Kaplan's decision and as a pretext for racial discrimination in violation of the Fifth Amendment's Takings Clause, the Due Process Clause of the Fourteenth Amendment, 42 U.S.C. §§ 1983 and 2000d, and the Fourteenth Amendment's Equal Protection Clause. (*Id.* ¶¶ 10, 17–18, 25, 28, 30–34.) In addition, Plaintiff alleges a claim based on the tort of intentional infliction of mental distress. (*Id.* ¶¶ 35–47.)

## II. The Legal Standard

Federal Rule of Civil Procedure 12(b)(1) provides that an action must be dismissed if it appears that the court does not possess subject matter jurisdiction over the plaintiff's claims. A party invoking the court's jurisdiction carries the burden of establishing subject matter jurisdiction. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). A district court has the power to decide a Rule 12(b)(1) motion to dismiss "on any one of three separate bases: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of

disputed facts." *Barrera-Montenegro v. United States*, 74 F.3d 657, 659 (5th Cir. 1996) (quoting *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981)). "Ultimately, a motion to dismiss for lack of subject matter jurisdiction should be granted only if it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle plaintiff to relief." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

In this case, Plaintiff proceeds *pro se*. Therefore, his complaint should not be held to the same standards of pleading as an attorney, but rather his allegations and briefs should be construed liberally. *See, e.g.*, *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (holding that allegations in a *pro se* complaint are to be held to a less stringent standard); *SEC v. AMX, Int'l, Inc.*, 7 F.3d 71, 75 (5th Cir. 1993) (recognizing that courts "must construe [a *pro se* plaintiff's] allegations and briefs more permissively").

### III. Analysis

Defendants move for dismissal of Plaintiff's Complaint, arguing that the Court does not have subject matter jurisdiction over Plaintiff's claims. (Defs.' Mot. Dismiss at 1.) Defendants argue that 38 U.S.C. § 511(a) precludes federal district court review of claims alleging damages for a constitutional violation arising out of a denial of VA benefits. (Defs.' Mot. Dismiss at 3.)

Section 511(a) provides as follows:

> The Secretary shall decide all questions of law and fact necessary to a decision by the Secretary under a law that affects the provision of benefits by the Secretary to veterans or the dependents or survivors of veterans. Subject to subsection (b), the decision of the Secretary as to any such question shall be final and conclusive and

>may not be reviewed by any other official or by any court, whether by an action in the nature of mandamus or otherwise.

38 U.S.C. § 511(a). Subsection (b) contains a number of exceptions dealing with particular benefits such as life insurance and housing loans, none of which are applicable in the instant case. 38 U.S.C. § 511(b).

In determining whether section 511(a) precludes judicial review in a particular case, a court must examine "whether the plaintiff is alleging a facial attack on the constitutionality of an act of Congress, or whether the plaintiff is challenging the VA's decision to deny him benefits." *Zuspann v. Brown*, 60 F.3d 1156, 1158 (5th Cir. 1995). "If [the plaintiff] makes a facial challenge to a statute, then the district court has jurisdiction to hear his case. If, on the other hand, [the plaintiff] challenges the VA's decision to deny him benefits, the district court does not have jurisdiction. . . ." *Id.*

It is important to note that a plaintiff cannot sidestep section 511(a) by simply framing his complaint in constitutional terms. For example, in *Zuspann*, the plaintiff alleged that the VA "denied him adequate medical care in violation of . . . the Due Process Clause" and "denied him a constitutionally protected property interest in his medical benefits as a veteran." *Id.* at 1157–58. The Fifth Circuit upheld the dismissal of his complaint, finding that "federal district courts 'do not acquire jurisdiction to hear challenges to benefits determinations merely because those challenges are cloaked in constitutional terms.'" *Id.* at 1159. Similarly, in *Anderson v. Veterans Admin.*, 559 F.2d 935 (5th Cir. 1977), the Fifth Circuit held that the predecessor statute to section 511(a) precluded judicial review where the plaintiff claimed that "the hearing procedures were constitutionally inadequate" and that the VA officials "violated his

constitutional and civil rights." *Anderson*, 559 F.2d at 936. The Court noted that "[t]he facts that this suit assumes the posture of constitutional attack, and that it seeks damages rather than remand, do not remove the case from the pall of [the predecessor statute]." *Id.*

In the instant case, Plaintiff does not make a facial challenge to the constitutionality of an act of Congress. A facial challenge is where the plaintiff seeks to establish that "no set of circumstances exists under which the [challenged statute] would be valid." *United States v. Robinson*, 367 F.3d 278, 290 (5th Cir. 2004). Here, Plaintiff does not attack an act of Congress at all. Rather, he makes an individualized challenge to the VA's decision to terminate his benefits. Plaintiff claims that beginning in April of 2005 the VA stopped paying his monthly benefits, that it had no statutory authority to do so, and that it would not have stopped payment but for his appeal of the lawsuit he filed against it and its racial bias. (Compl. ¶¶ 15–17.) Plaintiff maintains that as a result of the VA's actions he suffered mental anguish, emotional pain and suffering, and inconvenience. (*Id.* ¶¶ 20–22.) In short, Plaintiff challenges the motivations and decision-making of the VA in his particular case. This Court has no jurisdiction to hear such individualized challenges to VA benefits determinations. *Zuspann*, 60 F.3d at 1159. As a result, Plaintiff's Complaint must be dismissed for lack of subject matter jurisdiction.[1]

Veterans such as the plaintiff who seek to challenge VA benefits decisions are not left without a remedy. Congress has "created an exclusive review procedure by which veterans may

---

[1] Plaintiff argues that the Court has jurisdiction under the Supreme Court's decision in *Traynor v. Turnage*, 485 U.S. 535 (1988). However, following the Court's decision in *Traynor*, Congress overhauled the predecessor statute to section 511(a) out of a concern that "the Court's opinion in *Traynor* would inevitably lead to increased involvement of the judiciary in technical VA decision-making." *Larrabee v. Derwinski*, 968 F.2d 1497, 1500 (2d Cir. 1992). Applying the amended statute in *Zuspann*, the Fifth Circuit held that federal district courts do not have jurisdiction over challenges to veteran's benefits determinations, unless the challenge is a facial attack against the constitutionality of an act of Congress. *Zuspann*, 60 F.3d at 1160–61. For a thorough discussion of the legislation governing judicial review in this area, see *Larrabee*, 968 F.2d at 1499–501.

resolve their disagreements with the Department of Veterans Affairs." *Zuspann*, 60 F.3d at 1158. Under the Veterans' Judicial Review Act, a veteran can first appeal the benefits determination to the Board of Veterans' Appeals. 38 U.S.C. § 7104(a). If the veteran remains aggrieved after the Board of Veterans' Appeals decision, he can then appeal to the Court of Appeals for Veterans Claim, an Article I court. 38 U.S.C. §§ 7251–7252. That decision can be appealed to the United States Court of Appeals for the Federal Circuit, and then, if necessary, the veteran can petition the United States Supreme Court to grant certiorari. 38 U.S.C. § 7292; 28 U.S.C. § 1254. In short, Congress has crafted a thorough review procedure for those veterans who want to challenge VA benefits determinations. Plaintiff cannot bypass this procedure by filing a complaint in this Court.

## Conclusion

Having considered the Motions, the parties' briefing, and the applicable law, the Court hereby GRANTS Defendants' Motion to Dismiss and DENIES Plaintiff's Motion for Judgment as a Matter of Law.

**It is so ordered.**

Signed this 21st day of September, 2005.

_____
JORGE A. SOLIS
UNITED STATES DISTRICT JUDGE